**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN E. FIELDS, | No. 08-16598 |
| Plaintiff - Appellant, | D.C. No. CV-03-06364-LJO-DLB |
| v. | |
| WILBUR; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 9, 2009
San Francisco, California

Before: COWEN, [**] GRABER, and BYBEE, Circuit Judges.

Plaintiff Kevin E. Fields, a California state prisoner, appeals from the entry

of summary judgment against him in his 42 U.S.C. § 1983 action alleging that

prison officials of the California Department of Corrections and Rehabilitation

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

(Defendants), violated his constitutional rights.  On de novo review, <u>Dietrich v. John Ascuaga's Nugget</u>, 548 F.3d 892, 896 (9th Cir. 2008), we affirm.

1.  Plaintiff was required to exhaust all available administrative remedies before filing this action in federal court.  42 U.S.C. § 1997e(a); <u>see also</u> <u>Booth v. Churner</u>, 532 U.S. 731, 738-39 (2001) (holding that exhaustion of the administrative process is required so long as there is a "possibility of some relief").  The letter sent by the Inmate Appeals Branch to Plaintiff on March 24, 2003, explicitly instructed Plaintiff to contact the Appeals Coordinator if he disagreed with the rejection of his grievance appeal.  Plaintiff did not contact the Appeals Coordinator before filing a complaint in the district court.  Because an additional avenue of possible relief remained open to him, which he chose not to pursue, Plaintiff failed to exhaust all available administrative remedies.

2.  We review for abuse of discretion a district court's denial of appointment of counsel.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. Aug. 31, 2009) (No. 09-6429).  Plaintiff demonstrated sufficient verbal and writing ability and legal knowledge to articulate his claim.  The facts that he alleged and the issues that he raised were not of substantial complexity.  In sum, exceptional circumstances that would require appointment of counsel do not exist here.  <u>See</u> 28 U.S.C. § 1915; <u>Terrell v. Brewer</u>,

935 F.2d 1015, 1017 (9th Cir. 1991) (holding that a finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved" (internal quotation marks omitted)).

AFFIRMED.